UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

GLYNN DICKERSON  CASE NO. 18-10136
LINDA F. DICKERSON  CHAPTER 7
    DEBTORS

**MEMORANDUM OPINION**

Debtors Glynn and Linda Dickerson, through their counsel Peter Ryan (collectively, "Movers"), seek to remove Samera Abide as chapter 7 trustee for their case claiming an appearance of bias.[1] Although Mr. Ryan filed the motion as debtors' counsel, all allegations are premised on Ms. Abide's relationship with Mr. Ryan, and not with the Dickersons. Mr. Ryan seeks Ms. Abide's removal not only from this case but from all cases in which Mr. Ryan is enrolled as debtor's counsel.[2]

Movers allege many facts they claim led to the filing of the motion for removal but offered evidence of only one: the trustee's complaint in *Abide v. Ryan, et al (In re Todd)*, adversary no. 19-1042. That lawsuit, which Ms. Abide filed as chapter 7 trustee of a different bankruptcy estate, rests on allegations that Mr. Ryan committed legal malpractice representing chapter 7 debtor Ben Todd.[3]

---

[1] Motion to Remove Trustee [P-199]; Amended Motion to Remove Trustee [P-206].

[2] Bankruptcy Code section 324(b) provides that a trustee's removal from a case also removes the trustee from other cases to which she has been assigned. Mr. Ryan clarified that he seeks Ms. Abide's removal only from cases in which he represents debtors.

[3] Complaint in *Abide v. Ryan, et al (In re Todd)*, adversary no. 19-1042, United States Bankruptcy Court, Middle District of Louisiana [Ryan Exhibit 1]. The only other evidence Movers introduced was an invoice for attorney fees [Ryan Exhibit 2].

The parties agreed at the evidentiary hearing that the sole issue for decision is whether Ms. Abide's legal malpractice lawsuit against Mr. Ryan in the *Todd* case creates an appearance of bias that requires removal of Ms. Abide as trustee in this case and all other cases in which Mr. Ryan represents chapter 7 debtors.

**FINDINGS OF FACT**

Peter Ryan represented debtors Glynn and Linda Dickerson in their chapter 7 case filed February 12, 2018. Samera Abide was appointed their chapter 7 trustee.[4]

Mr. Ryan also represented another chapter 7 debtor, Ben Todd, from the filing of his petition on January 9, 2018 until Ryan withdrew as debtor's counsel on April 3, 2018.[5] Ms. Abide, as trustee of Todd's estate, later sued Mr. Ryan, his law firm and several other parties[6] in a complaint alleging, among other claims,[7] that Mr. Ryan committed legal malpractice while representing Todd.

Movers now seek Ms. Abide's removal as trustee.[8] Movers' memorandum alleges that Ms. Abide's claims against Mr. Ryan in adversary no. 19-1042 create an appearance of bias that

---

[4] Notice of Chapter 7 Bankruptcy Case—No Proof of Claim Deadline [P-7].

[5] *In re Todd*, case no. 18-10030, United States Bankruptcy Court, Middle District of Louisiana.

[6] *Abide v. Ryan, et al (In re Todd)*, adversary no. 19-1042, United States Bankruptcy Court, Middle District of Louisiana.

[7] The complaint focuses on prepetition actions relating to the settlement before bankruptcy of a lawsuit that Vickie Pounds filed against Todd to recover damages stemming from an auto accident. Ms. Abide's complaint alleges that Todd's counsel and Liberty, Todd's parents' insurer, acted in the best interest of Liberty, rather than Todd, in connection with transactions relating to Pounds's claims. Ms. Abide also alleges that Todd or his parents hired Peter Ryan, whose pre-bankruptcy planning advice associated with the Pounds lawsuit included transactions intended to hinder, delay, or defraud Todd's creditors. Ms. Abide also contends that Todd's schedules and statement of financial affairs were intentionally inaccurate.

[8] Motion to Remove Trustee [P-199]; Amended Motion to Remove Trustee [P-206].

requires her removal as trustee from this case and from all other cases in which Mr. Ryan is enrolled as counsel. Ms. Abide objects.[9]

Movers' original and amended motions comprise a lengthy narrative of reasons why Ms. Abide should no longer serve as the Dickersons' chapter 7 trustee. But their pretrial memorandum narrows the focus of their challenge to Ms. Abide's lawsuit against Mr. Ryan in the *Todd* case. Indeed, Mr. Ryan agreed with Ms. Abide's counsel at the hearing on the motion that Movers had abandoned all other allegations in their motion to remove trustee.[10]

## ANALYSIS

### Burden of Proof

Mr. Ryan and his clients, as the parties seeking removal of a trustee, bear the burden of proof by a preponderance of evidence.[11]

### 11 U.S.C. § 324(a) – Removal for "cause"

Bankruptcy Code section 324(a) provides that "[t]he court, after notice and a hearing, may remove a trustee … for cause." Movers contend that Ms. Abide is biased against Mr. Ryan, and that her bias creates a conflict of interest that is cause to remove her as trustee.[12]

---

[9] Objection to Motion to Remove Trustee [P-203].

[10] The trustee's counsel relied on paragraph 2(d) of the April 8, 2020 pretrial and scheduling order [P-230]. That order provides, "Issues not timely briefed shall be deemed abandoned and shall not be considered at the hearing."

[11] *Dye v. Brown (In re AFI Holding, Inc.),* 530 F.3d 832, 845 (9th Cir. 2008) ("[T]he party seeking removal has the burden."). *See also In re Tres-Ark, Inc.*, 483 B.R. 460, 467 (Bankr. W.D. Tex. 2012) (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1991) ("When the Bankruptcy Code is silent on the burden of proof, the Supreme Court states preponderance of the evidence is presumed.")

[12] Amended Motion to Remove Trustee from the Case [P-206, ¶ 12].

*Cause* is an elastic concept, "not defined in the statute so as to afford flexibility to the bankruptcy courts."[13]

> Cause for removal of an appointed panel trustee under § 324(a) is not susceptible of sharp definition, but is determined on a case-by-case, totality-of-circumstances approach, subject to the bankruptcy court's broad discretion.[14]

The *IFS Financial Corp* court went on to give examples of *cause* for which trustees previously had been removed:

> In prior cases, trustees have been removed for giving false testimony, for "solicit[ing] [estate] funds" in misleading ways "intended to avoid the rules and procedures regarding payments of funds to trustees," and for the "appearance of impropriety or a potential conflict of interest," to cite a few examples.[15]

In each of the cases the Fifth Circuit cited, the trustee's conduct "was found to be a 'violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties'" and "was expressly found *not* to be a 'mistake [ ] in judgment … reasonable under the circumstances.'"[16]

Movers do not suggest that any of these grounds exist here.  Movers did not argue at the evidentiary hearing, much less prove, any impropriety in Ms. Abide's administration of this case.  Nor did they prove any direct effect on the administration of this case that stems from the trustee's alleged bias against Mr. Ryan.  Their sole argument for removal is that Ms. Abide is biased against Mr. Ryan.

---

[13] *Smith v. Robbins (In re IFS Financial Corp.),* 803 F.3d 195, 206 (5th Cir. 2015) (quoting *Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986)).  In *IFS Financial Corp.*, the Fifth Circuit held that a trustee's advancement of his law firm's interests over the estate's was cause for removal under section 324(a).

[14] *IFS Financial Corp.*, 803 F.3d at note 20 (quoting *AFI Holding, Inc.,* 530 F.3d at 845).

[15] *IFS Financial Corp.*, 803 F.3d at 207 (citing *In re Morgan*, 573 F.3d 615, 627-28 (8th Cir. 2009); *In re Vega*, 102 B.R. 552, 553 (Bankr. N.D. Tex. 1989); *AFI Holding, Inc.,* 530 F.3d at 852.

[16] *IFS Financial Corp.*, 803 F.3d at 207 (emphasis in original).

Movers attempt to shore up their case by pointing to section 2.B.4. of the United States Trustee Program's *Handbook for Chapter 7 Trustees*.[17] The *Handbook* requires that a person "[b]e free of prejudices against an individual, entity, or group of individuals or entities which would interfere with unbiased performance of a trustee's duties" to be qualified as a panel trustee.[18] Movers argue that Ms. Abide has demonstrated both actual bias and an appearance of bias against Mr. Ryan by suing him on behalf of the Todd bankruptcy estate.

Movers also urge the trustee's alleged conflict of interest as a basis for disqualifying Ms. Abide, again citing the *Handbook for Chapter 7 Trustees*. The *Handbook* counsels that a trustee "must advise the United States Trustee ("UST") upon the discovery of any potential conflict or lack of disinterestedness" or "any circumstances which give rise to the appearance of impropriety" so the UST can decide whether to appoint a successor trustee.[19] It provides a "non-exclusive list of examples" "presenting an actual or potential conflict of interest or lack of disinterestedness":

> a. The trustee represents or has represented the debtor, a creditor, an equity security holder, or an insider in other matters;
>
> b. The debtor or creditor is an employee of the trustee or of a professional providing services to the trustee in the case;
>
> c. The trustee is appointed to serve as trustee for a corporate debtor and for a debtor who is an insider, officer, director or guarantor of the corporate debtor;
>
> d. The estate has a potential cause of action against the trustee, an employee of the trustee, a client of the trustee or the trustee's firm or other person or entity with whom the trustee has a business or family relationship;

---

[17] *Id.*

[18] *Id.* at 2-2.

[19] *Handbook for Chapter 7 Trustees*, 2-7, U.S. Dept. of Justice, (Aug. 10, 2020, 11:30 AM), https://www.justice.gov/ust/file/handbook_for_chapter_7_trustees.pdf/download.

e. The trustee was an officer, director, or employee of the debtor within two years before the commencement of the case; or

f. The trustee is a creditor or an equity security holder of the debtor.[20]

The Movers do not allege and have not proven any facts demonstrating that Ms. Abide has a conflict of interest falling within any of the categories of potential conflicts the *Handbook* enumerates. Nor does their evidence support a finding of any other non-enumerated reason for concluding that Ms. Abide has a conflict of interest with the Dickersons or their lawyer.

In *IFS Financial Corp.*,[21] the Fifth Circuit suggested that the "appearance of impropriety or a potential conflict of interest" was cause for removal of a trustee, citing the Ninth Circuit's opinion in *AFI Holding Inc*.[22] Undisputable as that statement of the law may be, different facts command different results. In *AFI Holding Inc.*, the trustee had business and social relationships with insiders of the debtor before the bankruptcy case, making his interests "materially adverse" to the estate. No evidence suggests that those are the facts here.

Bankruptcy Code section 704(a) imposes a duty on trustees, such as Ms. Abide, to "collect and reduce to money property of the estate." Ms. Abide's allegations against Mr. Ryan in adversary no. 19-1042 are based on alleged harm to Ben Todd's bankruptcy estate and are within her statutory duties as trustee.[23] Movers introduced no evidence to support a finding or conclusion that Mr. Abide's complaint against Mr. Ryan arises out of personal bias. Nor have they shown by other evidence that Ms. Abide's interests are materially adverse to this bankruptcy

---

[20] *Id.*

[21] *IFS Financial Corp.*, 803 F.3d at 207.

[22] *Dye v. Brown (In re AFI Holding, Inc.),* 530 F.3d 832, 852 (9th Cir. 2008).

[23] The duties that a trustee "shall" perform pursuant to 11 U.S.C. §704 are cited in the *Handbook for Chapter 7 Trustees*, 4-1 - 4-2, U.S. Dept. of Justice, (Aug. 10, 2020, 11:30 AM), https://www.justice.gov/ust/file/handbook_for_chapter_7_trustees.pdf/download.

estate and pose a conflict of interest. A trustee's fulfilling her fiduciary duty to a debtor's bankruptcy estate by suing a lawyer who also happens to be a different debtor's bankruptcy lawyer cannot, without more, support removing that trustee from the case. Taken to its conclusion, the Movers' logic would require disqualification of a trustee from all bankruptcy estates in which the lawyer she sued represented any party, and not merely debtors. Nothing in the evidentiary record supports that outcome.

The practical effect of Movers' argument would be to give a Hobson's Choice to a trustee of a bankruptcy estate holding a claim against a debtor's lawyer: fulfil the duty to assert that claim and face removal from her position as bankruptcy trustee from all cases involving that counsel; or forgo making the claim. Movers have cited no jurisprudence supporting this far-reaching result.

Ms. Abide filed the complaint against Mr. Ryan pursuant to her statutory duty as chapter 7 trustee in the *Todd* case. Movers have not shown that she is biased against them or has violated any duty, failed to perform any duty or committed any misconduct in exercising her duties as chapter 7 trustee that would constitute cause for removal under 11 U.S.C. §324(a).[24]

## CONCLUSION

Movers' motion fails because they have not met their burden of proving cause for removing Ms. Abide as trustee.

Baton Rouge, Louisiana, September 1, 2020.

<u>s/ Douglas D. Dodd</u>
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE

---

[24] *See IFS Financial Corp.*, 803 F.3d at 207.